UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES E. WALKER,

    Plaintiff,

v.                                                                                                    Hon. Jane M. Beckering

VITALCORE HEALTH STRATEGIES, LLC,                               Case No. 1:24-cv-536
et al.,

    Defendants.

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a county jail detainee. For the reasons discussed below, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 41(b), and W.D.Mich. LCivR. 41.1, I recommend that **the present action be dismissed for Plaintiff's failure to prosecute**.

For several months, Plaintiff has failed to keep the Court apprised of his address. Pursuant to W.D. Mich. LCivR 41.1, "[f]ailure of a plaintiff to keep the court apprised of a current address shall be grounds for dismissal for want of prosecution." On June 25, 2024, the Court's mailing to Plaintiff of two orders was returned as undeliverable. (ECF Nos. 6, 7 and 9.) On August 20, 2024, Defendants Vitalcore Healthcare Strategies, LLC, Glenn Groom, P.A., and Aubry Gilliland, R.N. mailed a copy of their Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 8 & 12(b)(6) to Plaintiff. (ECF No. 12, PageID.56.) On October 2, 2024, Defendants filed a Notice of Non-Service of Their Motion to Dismiss, indicating that on September 23, 2024, the mailing was returned as undeliverable because Plaintiff is no longer housed at Berrien County Jail. (ECF No. 17.)

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot

seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Plaintiff's claims be dismissed. Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." As mentioned above, mail addressed to Plaintiff has been returned because Plaintiff has not provided the Court will his correct mailing address. This is a willful failure by Plaintiff which prejudices Defendants' ability to defend against Plaintiff's claims. The Court is unable to even warn Plaintiff, given its inability to reach him. Accordingly, dismissal of this action for lack of prosecution is appropriate.

I therefore recommend that this action be dismissed with prejudice for Plaintiff's failure to prosecute. Timely objections to this Report and Recommendation shall be considered plaintiff's opportunity to show cause why this matter should not be dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: October 3, 2024                     /s/ Sally J. Berens
                                                                                      SALLY J. BERENS
                                                                                      U.S. Magistrate Judge